LTL ATTORNEYS LLP
James M. Lee (SBN 192301)
  james.lee@ltlattorneys.com
David W. Ammons (SBN 187168)
  david.ammons@ltlattorneys.com
Alex H. Hu (SBN 279585)
  alex.hu@ltlattorneys.com
300 S. Grand Ave, 14th Floor
Los Angeles, California 90071
Tel.: 213-612-8900
Fax: 213-612-3773

Attorneys for Defendant
THOMSON REUTERS (LEGAL) INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE F. TOCE, an individual, The TOCE FIRM, APLC, GILBERT H. DOZIER, an individual, and ANDERSON & DOZIER, LLP, <br><br> Plaintiffs, <br> v. <br><br> CAMERON RENTCH, WISE LAW GROUP, LLC, KERRY STEIGERWALT, FORD & ASSOCIATES NATIONWIDE LEGAL SERVICES, APC, and THOMSON REUTERS AMERICA CORPORATION, <br><br> Defendants. <br> THOMSON REUTERS (LEGAL) INC., <br><br> Cross-Complainant, <br><br> v. <br><br> B. CAMERON RENTCH and WISE LAW GROUP, LLC, <br><br> Cross-Defendants. | CASE NO.: 3:17−CV−603−AJB−BLM <br><br> [Assigned to the Hon. Anthony J. Battaglia] <br><br> **DEFENDANT THOMSON REUTERS (LEGAL) INC.'S CROSS-COMPLAINT FOR (1) BREACH OF CONTRACT and (2) DECLARATORY RELIEF** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Action Filed:   March 27, 2017 <br> Trial Date:       None |

Pursuant to Rule 13(g) of the Federal Rules of Civil Procedure, Cross-Complainant Thomson Reuters (Legal) Inc. ("TR" or "Cross-Complainant") files this Cross-Complaint against B. Cameron Rentch and Wise Law Group, LLC (collectively, "Cross-Defendants") as follows:

## I. JURISDICTION AND VENUE

1. This Cross-Complaint arises out of the transactions and occurrences that are the subject matter of the Complaint on file herein ("Underlying Action"). This Court has jurisdiction over this cross-complaint and the parties to it pursuant to 28 U.S. Code § 1331 and Fed. R. of Civ. Proc. Rule 13.

2. Venue is proper in this district under 28 U.S. Code § 1391(b) and (c) because the events or omissions giving rise to the claim occurred here.

## II. PARTIES

3. Cross-Complainant Thomson Reuters (Legal) Inc. is a Minnesota corporation with its principal place of business in Eagan, Minnesota.

4. Cross-Defendant B. Cameron Rentch ("Rentch") is a citizen of the State of California, domiciled in San Diego County, California. Prior to 2009, Rentch was an owner of Cross-Defendant Wise Law Group, LLC.

5. Cross-Defendant Wise Law Group, LLC ("WLG") was and is a California limited liability company with its principal place of business in San Diego County, California. At all times relevant herein, WLG was an entity in the business of, *inter alia*, developing websites and marketing to attract victims of mass torts and other serious personal injuries who were seeking legal representation.

## III. ALLEGATIONS

6. TR brings this action against Cross-Defendants pursuant to the terms of the Asset Purchase Agreement, dated May 1, 2014, between TR and, among others, Cross Defendants. Attached hereto as **Exhibit A** is a copy of the Asset Purchase Agreement.

7. Pursuant to the Asset Purchase Agreement, TR purchased some (but not all) of the assets of WLG.

8. For purposes of the Asset Purchase agreement, TR was and is the "Purchaser," Rentch was and is the "Principal," and WLG was and is one of the "Sellers."

9. As part of the Asset Purchase Agreement, Cross-Defendants were required to disclose all liabilities and contracts that were to be assumed by TR.

10. Section 1.3(b) of the Asset Purchase Agreement provides that "Purchaser shall not assume or be responsible for or liable with respect to, any Liabilities or obligations of such Seller other than those specifically included in the Assumed Liabilities (collectively, the 'Retained Liabilities')."

11. Cross-Defendants failed to disclose the existence of the alleged July 2013 contract between Andre F. Toce; the Toce Firm, APLC; Gilbert H. Dozier; and Answer & Dozier, LLP (collectively, "Campaign Plaintiffs"), on the one hand, and Rentch; WLG; Kerry Steigerwalt; and Ford & Associates Nationwide Legal Services, APC (collectively, "Campaign Defendants"), on the other hand, as alleged in Paragraph 22 of the Complaint ("Campaign Agreement").

12. Because the Campaign Agreement was not disclosed to TR, it constitutes a "Retained Liability" for purposes of the Asset Purchase Agreement.

13. Article VI of the Asset Purchase Agreement sets forth the covenants between the parties to the Asset Purchase Agreement. Section 6.10 provides: "Discharge of Retained Liabilities. Each Seller shall, and the Principal shall cause each Seller to, pay, discharge and perform promptly, when due, any and all Retained Liabilities."

14. Article VII of the Asset Purchase Agreement sets forth the conditions for indemnification. Section 7.2 provides: "Indemnification by Sellers and the Principal. Subject to the provisions of this Article VII, each Seller and the Principal, jointly and severally, shall indemnify and hold Purchaser and its officers, directors,

1 | managers, successors, and assigns . . . harmless from and against, and shall reimburse and compensate any such person for, all damages, costs, expenses, losses, claims, demands, Liabilities, settlements, judgments, awards, fines, penalties, and/or other obligations, whether or not involving any Third-Party Claim . . . to the extent arising from: . . . (f) any breach of the covenants or other agreements made by any Seller or the Principal in <u>Section 6.10</u> of this Agreement . . . ."

15. Section 7.1 provides: "<u>Survival</u>. All representations, warranties, covenants and obligations of Purchaser, the Sellers, and the Principal herein . . . shall survive the Closing Date for the duration of the Indemnification Period except that *all covenants and agreements shall survive the Closing indefinitely*, unless specified otherwise by their terms." (emphasis added). Similarly, Section 7.4 provides: "<u>Time Limitations</u>. . . . All covenants and agreements shall survive Closing indefinitely, unless specified otherwise by their terms."

16. Thus, under the terms of the Asset Purchase Agreement, Cross-Defendants' duty to discharge and perform their obligations under the Campaign Agreement survive indefinitely, and Cross-Defendants had and have a duty to indemnify TR for any claims and/or damages arising from any failure to discharge or perform the Campaign Agreement.

17. In the Underlying Action, Campaign Plaintiffs have alleged that Campaign Defendants and TR have failed to perform the Campaign Agreement. Thus, Cross-Defendants had and have a duty to indemnify TR for any liability and/or damages arising from these claims.

18. TR submitted a formal request for indemnification in or about May 2017.

19. On June 2, 2017, Cross-Defendants responded by declining TR's request for indemnification, claiming that the time to seek indemnification had already expired.

20. TR has fully and completely performed all conditions precedent under the Asset Purchase Agreement.

21. Cross-Defendants' refusal to indemnify TR constitutes a breach of the Asset Purchase Agreement and, as the Underlying Action is currently proceeding, there exists an actual and justiciable controversy between TR and Cross-Defendants that can be resolved, in part, by a judicial declaration as to the parties' rights and obligations under the Asset Purchase Agreement.

## COUNT I

## BREACH OF CONTRACT (against Cross-Defendants)

22. TR re-alleges and incorporates by reference each of the prior paragraphs as though fully set forth herein.

23. TR is entitled to be indemnified by Cross-Defendants for all damages, costs, expenses, losses, claims, demands, Liabilities, settlements, judgments, awards, fines, penalties, and/or other obligations arising from Cross-Defendants' alleged failure to discharge or perform the July 2013 Agreement, including for all damages, costs, expenses, losses, claims, demands, Liabilities, settlements, judgments, awards, fines, penalties, and/or other obligations that may inure to TR as a result of the Underlying Action.

24. Cross-Defendants have refused to indemnify TR as required by the Asset Purchase Agreement.

25. As a consequence of Cross-Defendants' breach of contract, TR has been damaged in an amount to be proven at trial, plus interest, reasonable attorneys' fees, costs, and disbursement.

## COUNT II

## DECLARATORY RELIEF (against Cross-Defendants)

26. TR re-alleges and incorporates by reference each of the prior paragraphs as though fully set forth herein.

27. TR is entitled to be indemnified by Cross-Defendants for all damages, costs, expenses, losses, claims, demands, Liabilities, settlements, judgments, awards, fines, penalties, and/or other obligations arising from Cross-Defendants' alleged failure to discharge or perform the July 2013 Agreement, including for all damages, costs, expenses, losses, claims, demands, Liabilities, settlements, judgments, awards, fines, penalties, and/or other obligations that may inure to TR as a result of the Underlying Action.

28. Cross-Defendants have refused to indemnify TR as required by the Asset Purchase Agreement.

29. There exists an actual and justiciable controversy between TR and Cross-Defendants.

30. As the Underlying Action is currently proceeding, this controversy can be resolved, in part, by a judicial declaration of the parties' rights and obligations under the Asset Purchase Agreement.

WHEREFORE, TR prays for relief and judgment as follows:

1. For a judicial declaration that Cross-Defendants have a duty to indemnify TR for all damages, costs, expenses, losses, claims, demands, Liabilities, settlements, judgments, awards, fines, penalties, and/or other obligations that may inure to TR as a result of the Underlying Action;

2. For damages against Cross-Defendants in an amount to be proven at trial, plus prejudgment interest and attorneys' fees;

3. For costs of suit; and

4. For such other and further relief as the Court may deem just and proper.

///
///
///

1 | June 9, 2017    LTL ATTORNEYS LLP
2
3          By: /s/ David W. Ammons
4              James M. Lee
               David W. Ammons
5              Alex H. Hu
               Attorneys for Defendant/Cross-Complainant
6              Thomson Reuters America Corporation

# PROOF OF SERVICE

STATE OF CALIFORNIA)
COUNTY OF LOS ANGELES)

I am employed in the county of Los Angeles State of California.  I am over the age of 18 and not a party to the within action; my business address is: 300 South Grand Avenue, 14th Floor, Los Angeles, CA 90071.

On **June 9, 2017**, I served the foregoing document(s) described as: **DEFENDANT THOMSON REUTERS (LEGAL) INC.'S CROSS-COMPLAINT FOR (1) BREACH OF CONTRACT and (2) DECLARATORY RELIEF**
on the interested parties in this action.

| | |
|---|---|
| David Harrison Lawton<br>The Gallagher Law Group PC<br>1875 Century Park East<br>Suite 1550<br>Los Angeles, CA 90067<br>310-203-2600<br>310-203-2610 (fax)<br>dlawton@thegallaghergroup.com | *Attorneys for Plaintiffs Anderson & Dozier, LLP; Gilbert H. Dozier; The Toce Firm, APLC; and Andre F. Toce* |
| Jack Reynolds Leer<br>Caldarelli Hejmanowski & Page LLP<br>12340 El Camino Real<br>Suite 430<br>San Diego, CA 92130<br>(858) 720-8080<br>(858) 720-6680 (fax)<br>jrl@chpllaw.com | *Attorneys for Defendants Ford & Associates Nationwide Legal Services, APC and Kerry Steigerwalt* |
| Matthew Miguel Mahoney<br>Witham Mahoney & Abbott, LLP<br>401 B Street, Suite 2220<br>San Diego,, CA 92101<br>619-407-0505<br>619-872-0711 (fax)<br>mahoney@wmalawfirm.com | *Attorneys for Defendant Cameron Rentch* |

[X]   **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the

1
PROOF OF SERVICE

service list obtained from this Court.

Executed on **June 9, 2017**, at Los Angeles, California.

[ ]  (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]  (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Katie Tokushige
*Print Name*

*Signature*