LTL ATTORNEYS LLP
James M. Lee (SBN 192301)
  james.lee@ltlattorneys.com
David W. Ammons (SBN 187168)
  david.ammons@ltlattorneys.com
Alex H. Hu (SBN 279585)
  alex.hu@ltlattorneys.com
300 S. Grand Ave, 14th Floor
Los Angeles, California 90071
Tel.: 213-612-8900
Fax: 213-612-3773

Attorneys for Defendant
THOMSON REUTERS (LEGAL) INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE F. TOCE, an individual, The TOCE FIRM, APLC, GILBERT H. DOZIER, an individual, and ANDERSON & DOZIER, LLP,<br><br>        Plaintiffs,<br><br>        v.<br><br>CAMERON RENTCH, WISE LAW GROUP, LLC, KERRY STEIGERWALT, FORD & ASSOCIATES NATIONWIDE LEGAL SERVICES, APC, and THOMSON REUTERS AMERICA CORPORATION,<br><br>        Defendants.<br><br>THOMSON REUTERS (LEGAL) INC.,<br><br><br><br>        Cross-Complainant,<br><br>        v.<br><br>B. CAMERON RENTCH and WISE LAW GROUP, LLC,<br><br>        Cross-Defendants. | CASE NO.: 3:17–CV–603–AJB–BLM<br><br>[Assigned to the Hon. Anthony J. Battaglia]<br><br>**DEFENDANT THOMSON REUTERS (LEGAL) INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS *EX PARTE* APPLICATION TO SEAL PREVIOUSLY-FILED DOCUMENTS**<br><br>Action Filed:        March 27, 2017<br>Trial Date:        None |

1   Cross-Complainant Thomson Reuters (Legal) Inc. ("TR" or "Cross-
2   Complainant") applies to this Court for an order allowing it to seal the unredacted
3   version of TR's Exhibit A to its Cross-Complaint (ECF No. 15-1). Exhibit A, an
4   asset purchase agreement ("the Agreement") entered into by TR. TR seeks to redact
5   the asset purchase agreement to remove reference to the purchase price paid for the
6   assets in Article II, paragraph 2.1 of the Agreement and the amount of the
7   indemnification caps listed in Article VII, paragraphs 7.7(c)–(d). The purchase price
8   is not germane to the present dispute, and its public disclosure jeopardizes TR's
9   current and future business dealings and ongoing confidential negotiations. Further,
10  public disclosure of the indemnification caps at issue could be used against TR in
11  negotiations with third parties. Because of this, the Court should exercise its
12  inherent authority to seal Exhibit A and to permit TR to file a version redacting the
13  purchase price and amounts listed in paragraphs 2.1 and 7.7.

14      Under Civil Local Rule 79.2 and the Court's Chambers Rule IV, sensitive
15  aspects of court-filed documents may be sealed upon court order.

16  **I.      BACKGROUND**

17      The present Cross-Complaint for indemnification arises out of the breach of a
18  contractual duty owed to TR pursuant to the Agreement, attached as Exhibit A to
19  TR's Cross-Complaint against Cross-Defendants B. Cameron Rentch and Wise Law
20  Group, LLC. TR entered into the Agreement with Cross-Defendants in May 2014
21  that provided, in part, for indemnification. Cross-Defendants now deny that any
22  request for indemnification is timely and have refused to indemnify TR.

23      Because TR regularly enters into such agreements with multiple parties in the
24  course of its business dealings and the purchase price and indemnification caps are
25  subject to intense and confidential negotiation, TR now seeks an order to seal the
26  unredacted Agreement and to publicly file a redacted version removing the specific
27  amounts alleged.
28  //

## II.   ANALYSIS

Attachments to a pleading may be sealed if the party attempting to seal the document can articulate a compelling reason to do so. *McCrary v. Elations Co., LLC*, No. EDCV 13-00242 JGB OP, 2014 WL 1779243, at *6 (C.D. Cal. Jan. 13, 2014); *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (articulating the compelling reason standard). In general, when a court file can "become a vehicle for improper purposes," it should be sealed. *Kamakana*, 447 F.3d at 1178. Further, it is compelling if sealing will prevent judicial documents from being used as "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

Here, public disclosure of the amounts paid for the assets in question would directly harm TR's ability to negotiate with its partners in the future. TR regularly negotiates these types of asset purchase agreements, and the amounts of both the purchase price and the attendant indemnity provisions are key terms that both TR's competitors and other third-party partners can use to unfairly undermine TR's competitive standing.

Additionally, TR's request is narrowly tailored to the most sensitive information contained within the Agreement. TR seeks to redact the *amounts*, but no other terms of the contract. The purchase price in question has no bearing on the underlying lawsuit and has minimal value to public disclosure. These are ordinarily confidential deal points, and TR should not be pressed into a competitive disadvantage simply by seeking to vindicate its rights under the Agreement. Accordingly, TR now applies for a court order to file its unredacted Exhibit A to its Cross-Complaint under seal.

//

//

//

//

2

1 | **CONCLUSION**

2 |      For the foregoing reasons, TR respectfully requests that the Court grant its

3 | unopposed *ex parte* application to seal Exhibit A to TR's Cross-Complaint.

4 |

5 | June 27, 2017                                        LTL ATTORNEYS LLP

6 |

7 |                     By:   s/ David W. Ammons

8 |                             James M. Lee

9 |                             David W. Ammons

10 |                             Alex H. Hu

                            Attorneys for Defendant/Cross-Complainant

11 |                             Thomson Reuters America Corporation

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

3

## CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA)**
**COUNTY OF LOS ANGELES)**

      I am employed in the county of Los Angeles State of California.  I am over the age of 18 and not a party to the within action; my business address is: 300 South Grand Ave., 14th Floor, Los Angeles, CA 90071.

      On **June 27, 2017**, I served the foregoing document(s) described as **DEFENDANT THOMSON REUTERS (LEGAL) INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS *EX PARTE* APPLICATION TO SEAL PREVIOUSLY-FILED DOCUMENTS** on the interested parties in this action.

| | |
|---|---|
| David H. Lawton, Esq.<br>The Gallagher Law Group PC<br>1875 Century Park East, Suite 1550<br>Los Angeles, CA 90067<br>310-203-2600<br>310-203-2610 (fax)<br>dlawton@thegallagherlawgroup.com | *Attorneys for Plaintiffs ANDRE F. TOCE, THE TOCE FIRM, APLC, GILBERT H. DOZIER, AND ANDERSON & DOZIER, LLP* |
| Jack Reynolds Leer<br>Caldarelli Hejmanowski & Page LLP<br>12340 El Camino Real, Suite 430<br>San Diego, CA 92130<br>(858) 720-8080<br>(858) 720-6680 (fax)<br>jrl@chpllaw.com | *Attorneys for Defendants Ford & Associates Nationwide Legal Services, APC and Kerry Steigerwalt* |
| Matthew Miguel Mahoney<br>Witham Mahoney & Abbott, LLP<br>401 B Street, Suite 2220<br>San Diego,, CA 92101<br>619-407-0505<br>619-872-0711 (fax)<br>mahoney@wmalawfirm.com | *Attorneys for Defendant and Cross Defendant Cameron Rentch* |

//

//

//

[X]   **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said
document(s) to be served by means of this Court's electronic transmission of
the Notice of Electronic filing through the Court's transmission facilities, to
the parties and/or counsel who are registered CM/ECF Users set forth in the
service list obtained from this Court.

Executed on **June 27, 2017**, at Los Angeles, California.

[X]   (Federal) I declare that I am employed in the office of a member of the bar of
this court at whose direction the service was made.

| | |
|---|---|
| Erik Jimenez Rodriguez | |
| *Print Name* | *Signature* |

2

CERTIFICATE OF SERVICE