UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE F. TOCE, an individual, THE TOCE FIRM, APLC, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CAMERON RENTCH, WISE LAW GROUP, LLC, et al.,<br><br>    Defendants.<br><hr>THOMSON REUTERS (LEGAL) INC,<br><br>    Cross-Complainant,<br><br>v.<br><br>CAMERON RENTCH and WISE LAW GROUP, LLC,<br><br>    Cross-Defendants. | Case No.: 17-cv-0603-AJB-BLM<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART DEFENDANTS CAMERON RENTCH AND WISE LAW GROUP'S MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFFS;**<br><br>**(2) DENYING DEFENDANTS CAMERON RENTCH AND WISE LAW GROUP'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION OF THOMSON REUTER'S CROSS-COMPLAINT;**<br><br>**(3) GRANTING IN PART AND DENYING IN PART DEFENDANT/CROSS-COMPLAINANT THOMSON REUTER'S MOTION FOR SUMMARY JUDGMENT** |

Pending before the Court are three motions for summary judgment. (Doc. Nos. 62, 63, 64.) As will be explained in greater detail below, the Court **GRANTS** in part and **DENIES** in part Defendants Cameron Rentch and Wise Law Group's motion for summary judgment against Plaintiffs, (Doc. No. 62), **DENIES** Defendants Cameron Rentch and Wise Law Group's motion for summary judgment, or in the alternative, summary adjudication of Thomson Reuter's cross-complaint, (Doc. No. 63), and **GRANTS** in part and **DENIES** in part Defendant/Cross-Complainant Thomson Reuter's motion for summary judgment, (Doc. No. 64).

## **BACKGROUND**

Wise Law Group ("WLG"), a California corporation, specialized in online lead generation and legal marketing. (Doc. No. 62-1 at 7.) Plaintiffs Andre Toce and Gil Dozier are Louisiana lawyers and owners of their respective law practices. (*Id.*) WLG created and managed online and television campaigns to attract individuals to participate in mass medical tort litigation regarding Trans-Vaginal Mesh ("TVM") complications. (*Id.*)

WLG and Toce engaged in two separate campaigns. (*Id.* at 11.) The first campaign is not at issue in the present litigation. The second campaign was between WLG and Toce and Dozier. (*Id.*) This second campaign is the subject of this instant litigation. This campaign was to generate leads for Toce and Dozier regarding patients who had received a TVM implant and had suffered complications; patients who had undergone a revision surgery; and patients who had a pelvic organ prolapse insert and had not undergone a revision surgery. (*Id.*)

The parties dispute the exact terms of the Campaign Agreement between WLG and Plaintiffs, however, Plaintiffs contend that WLG promised to provide unlimited leads until Plaintiffs had retained one hundred cases. (Doc. No. 72 at 11.) During 2014, Toce sent several emails regarding his dissatisfaction with the leads that were being generated. (Doc. No. 62-1 at 13.) Plaintiff Toce in one such email explained that he believed his

payment of $50,000 was in actuality a purchase for one hundred retained cases. (*Id.*; Doc. No.72 at 10.) However, Defendants' invoice provides that WLG was obligated only to provide sixty-two leads at a price of $800 per lead. (Doc. No. 72 at 11.)

WLG and Cameron Rentch later entered into an Asset Purchase Agreement ("APA") with Thomson Reuters. (Doc. No. 62-1 at 14.) WLG and Rentch and Thomson Reuters dispute whether Thomson Reuters purchased the Campaign Agreement.

In Plaintiffs' complaint, they allege (1) fraudulent concealment; (2) breach of implied duty to perform with reasonable care; (3) breach of covenant of good faith and fair dealing; (4) breach of contract; (5) breach of contract; (6) quantum meruit. (*See generally* Doc. No. 1.) Thomson Reuters filed a cross-complaint against Rentch and WLG for breach of contract and declaratory relief. (*See generally* Doc. No. 15.)

## **LEGAL STANDARD**

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. *Id.*

A party seeking summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating the nonmoving party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden of proving at trial. *Id.* at 322–23. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to set forth facts showing a genuine issue of a

3

17-cv-0603-AJB-BLM

disputed fact remains. *Celotex Corp.*, 477 U.S. at 330. When ruling on a summary judgment motion, a court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

**A.  Request for Judicial Notice**

Federal Rule of Evidence 201 states that a "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Plaintiffs request that judicial notice be taken of the amended California Rules of Professional Conduct, Rule 7.2 "Advertising" effective November 1, 2018 including the Executive Summary, Standards Table, and Redline Comparison to Model Rule 7.2. (Doc. No. 91.) These items are matters of public record. Accordingly, the Court **GRANTS** Plaintiffs' request for judicial notice.

**B.  Cameron Rentch and Wise Law Group's Motion for Summary Judgment against Plaintiffs**

Rentch and WLG bring their summary judgment motion on Plaintiffs' causes of actions against them for fraudulent concealment, breach of express contract, implied covenants and the seeking of quantum meruit damages. (*See generally* Doc. No. 62.) Plaintiffs oppose the motion. (Doc. No. 72.)

  a.  Breach of Contract

Rentch and WLG contend that Plaintiffs' breach of contract claim is barred by the statute of limitations and the illegality of contracting for the sale of cases. (Doc. No. 62-1 at 18.)

///

///

///

####### i. Illegality

Defendants contend that Plaintiffs' assertion of the material terms of the Campaign Agreement render the contract illegal. (Doc. No. 62-1 at 19.) "Where a contract has but a single object, and such object is unlawful, whether in whole or in part, or wholly impossible of performance, or so vaguely expressed as to be wholly unascertainable, the entire contract is void." Cal. Civ. Code § 1598. Per Louisiana Rules of Professional Conduct Section 7.2(c)(13), an attorney may not provide anything of value to a person for recommending the lawyer's services with limited exceptions. Likewise, California Rules of Professional Conduct Section 1-320(c)[1] states, "A member shall not compensate, give, or promise anything of value to any person or entity for the purpose of recommending or securing employment of the member or the member's law firm by a client, or as a reward for having made a recommendation resulting in employment of the member or the member's law firm by a client."

Defendants contend that Plaintiffs assert that the Campaign Agreement was for the sale of cases rather than leads. (Doc. No. 62-1 at 19.) Thus, this is illegal and would render the Campaign Agreement unenforceable. (*Id.*) Plaintiffs assert that the Campaign Agreement is legal and enforceable since the terms are such that Defendants would provide unlimited leads until the respective law firms reached a desired number of cases that they were able to create from those leads. (Doc. No. 72 at 21.) Plaintiffs provide no support for their assertion that agreeing to provide unlimited leads until the law firms reached a desired

---

[1] The Court recognizes that the amended California Rules of Professional Conduct, Rule 7.2 "Advertising" became effective November 1, 2018. Rule 7.2 states in relevant part, "A lawyer shall not compensate, promise or give anything of value to a person for the purpose of recommending or securing the services of the lawyer or the lawyer's law firm, except that a lawyer may: … (2) pay the usual charges of a legal services plan or a qualified lawyer referral service. A qualified lawyer referral service is a lawyer referral service established, sponsored and operated in accordance with the State Bar of California's Minimum Standards for a Lawyer Referral Service in California." However, this change in the rule does not affect the Court's analysis. Here, the issue is not whether paying a referral service is illegal, but rather whether paying for unlimited number of leads to reach a desired number of cases is illegal. The Court will refer to Section 1-320(c) for purposes of this Order since Rule 7.2 was not yet in effect during the occurrence of the events in this litigation.

number of cases is somehow different than a contract to sell cases. The Court is unconvinced that Plaintiffs' interpretation is different than an agreement to sell cases. Thus, the Court finds that Plaintiffs' interpretation of the Campaign Agreement is illegal. *See* La. Rules of Prof. Conduct R. 7.2(c)(13); Cal. Rules of Prof. Conduct R. 1-320(c). Accordingly, the Court will not enforce the terms of an illegal contract. *See McMullen v. Hoffman*, 174 U.S. 639, 654 (1899); *see also Lee On v. Long*, 37 Cal. 2d 499, 502 (Cal. 1951) ("No principle of law is better settled than that a party to an illegal contract cannot come into a court of law and ask to have his illegal objects carried out [.]"). Thus, the Court **GRANTS** Rentch and WLG's motion for summary judgment on the basis that Plaintiffs' interpretation of the Campaign Agreement is for an illegal purpose.

> ii. *Statute of Limitations*

Defendants Rentch and WLG assert that the Campaign Agreement is barred by the two-year statute of limitations for an oral contract. (Doc. No. 62-1 at 18.) The Court has determined that the Campaign Agreement as Plaintiffs have pled is for an illegal purpose. Accordingly, the Court **DENIES** Defendants' motion on the basis of statute of limitations as moot.

> b. Fraudulent Concealment

Defendants argue that Plaintiffs have not satisfied the elements of fraudulent concealment. (Doc. No. 62-1 at 20.) Defendants contend that the elements of fraudulent concealment are: "(1) a misrepresentation as to a material fact; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage." (*Id.* (citing *Gonsavles v. Hodgson*, 38 Cal. 2d 91, 100–101 (Cal. 1951)).) However, Plaintiffs assert that the correct elements of fraudulent concealment are: "(1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the

plaintiff must have sustained damage." (Doc. No. 72 at 24 (citing *Smith v. Ford Motor Co.*, 749 F. Supp. 980 (N.D. Cal. 2010)).) The Court agrees with Plaintiff regarding the elements of fraudulent concealment. *See Tapia v. Davol, Inc.*, 116 F. Supp. 3d 1149, 1163 (S.D. Cal. 2015); *Bell v. Fed. Home Loan Mortg. Corp.*, No. 11-cv-2514, 2012 WL 1581075, at * 4 (S.D. Cal. May 4, 2012).

First, Defendants contend that the failure to disclose Rentch's negotiations with Thomson Reuters and Kerry Steigerwalt's involvement with Ford & Associates were not material facts to the Campaign Agreement. (Doc. No. 62-1 at 20–21.) However, Plaintiffs assert that these misrepresentations were material facts since Toce would not have been involved in a transaction with a lawyer who was suspended. (Doc. No. 72 at 24.) Further, Plaintiffs contend that Toce may or may not have entered into the Campaign Agreement had Toce known Rentch was in negotiations with Thomson Reuters. (*Id.*) Therefore, these facts may be suppressed material facts. However, the Court does not need to decide this issue, as explained further below, since Defendants did not tell half-truths calculated to deceive.

Second, Defendants assert that "statements about the future are considered to be opinions or predications, not statements of fact, and are not actionable." (Doc. No. 62-1 at 21 (citing *Cohen v. S & S Const. Co.*, 151 Cal. App. 3d 941, 946 (Cal. Ct. App. 1983)).) However, there are three exceptions to this general principal: "(1) where a party holds himself out to be specially qualified and the other party is so situated that he may reasonably rely upon the former's superior knowledge; (2) where the opinion is by a fiduciary or other trusted person; (3) where a party states his opinion as an existing fact or as implying facts which justify a belief in the truth of the opinion." (Doc. No. 72 at 25 (citing *Borba v. Thomas*, 70 Cal. App. 3d 144, 152 (Cal. Ct. App. 1997); *In re Jogert, Inc.*, 950 F. 2d 1498, 1507 (9th Cir. 1991); *Mueller v. San Diego Ent. Partners, LLC*, 260 F. Supp. 3d 1283, 1296 (S.D. Cal. 2017)).)

Defendants Rentch and WLG contend that they did not owe a duty to Plaintiffs to disclose speculation of a future event. (Doc. No. 62-1 at 21.) However, Plaintiffs assert that

Defendants did in fact owe a duty to Plaintiffs. (Doc. No. 72 at 25.) Rentch held himself out to Plaintiffs as having "special knowledge in marketing for leads which Plaintiffs relied upon, and he stated his opinion guaranteeing leads into the future." (*Id.*) When the party with special knowledge "does speak he must speak the whole truth to the end that he does not conceal any facts which materially qualify those stated. One who is asked for or volunteers information must be truthful, and the telling of a half-truth calculated to deceive is fraud" *Cicone v. URS Corp.*, 183 Cal. App. 3d 194, 201 (Cal. Ct. App. 1986). Here, Plaintiffs have not established that Defendant Rentch told "a half-truth calculated to deceive." While Rentch did not disclose the negotiations with Thomson Reuters, the Court is unconvinced that this lack of disclosure was calculated to deceive. Plaintiffs have provided no evidence that Rentch's "half-truths" regarding Rentch's negotiations with Thomson Reuters and Kerry Steigerwalt's involvement were calculated to deceive them.

Accordingly, the Court **GRANTS** Defendants' motion for summary judgment for fraudulent concealment.

c. <u>Breach of Implied Duty to Perform with Reasonable Care, Breach of Implied Covenant of Good Faith and Fair Dealing</u>

In order to state a cause of action for Plaintiffs' breach of implied duty to perform with reasonable care and breach of implied covenant of good faith and fair dealing, Plaintiff must establish and show that a breach of contract occurred. Here, as explained above, the terms of the Campaign Agreement are illegal. Therefore, the Campaign Agreement is void and a breach cannot be established. Accordingly, the Court **GRANTS** Defendants' motion for summary judgment on these causes of action.

d. <u>Quantum Meruit</u>

"To recover in quantum meruit, a party need not prove the existence of a contract [.]" *Huskinson & Brown v. Wolf*, 32 Cal. 4th 453, 458 (Cal. 2004) (citations omitted). However, under contract-based claims, including quantum meruit, a party may not recover for that which cannot be recovered on a contract. *See Yoo v. Robi*, 126 Cal. App. 4th 1089, 1104 n. 30 (Cal. Ct. App. 2005); *Pacific Custom Pools, Inc. v. Turner Construction Co.*,

79 Cal. App. 4th 1254, 1266 (Cal. Ct. App. 2000). Here, the Court will not enforce a contract for an illegal purpose or provide recovery on the basis of an illegal contract. Accordingly, the Court **GRANTS** Defendants' motion for summary judgment on this basis.

**C.  Cameron Rentch and Wise Law Group's Motion for Summary Judgment of Thomson Reuters' Cross-Complaint**

Rentch and WLG bring their summary judgment motion of Thomson Reuters' cross-complaint. (Doc. No. 63.) Plaintiffs respond to Rentch and WLG's motion for summary judgment of Thomson Reuters' cross-complaint. (Doc. No. 68) Thomson Reuters opposes the motion. (Doc. No. 67.)

Rentch and WLG contend that California law applies to interpretation of all the contracts at issue in this present litigation. (Doc. No. 67 at 10.) Further, Rentch and WLG contend that the Campaign Agreement was disclosed to Thomson Reuters. (Doc. No. 63-1 at 10.) Since the Court has granted Rentch and WLG's motion for summary judgment regarding the illegality of the Campaign Agreement, their motion for summary judgment of Thomson Reuter's cross-complaint is now moot. Accordingly, the Court **DENIES** the motion for summary judgment as moot.

**D.  Thomson Reuters' Motion for Summary Judgment**

Thomson Reuters brings its summary judgment motion. (Doc. No. 64.) Defendants Rentch and WLG responded to and partially joined Thomson Reuters' motion for summary judgment. (Doc. No. 66.) Plaintiffs oppose the motion. (Doc. No. 74.)

a.  <u>Breach of Contract</u>

i.  *Illegality*

As the Court has explained above, *supra* Section A.a.i., the Court granted Rentch and WLG's motion for summary judgment regarding illegality of the Campaign Agreement. Accordingly, the Court **GRANTS** summary judgment on the basis of illegality.

/ / /

### ii. *Party to the Agreement*

First, Thomson Reuters asserts that Delaware law applies to the contracts at issue in this litigation. Second, Thomson Reuters asserts that it is not a party to the Campaign Agreement as a successor in interest because the Campaign Agreement was not purchased in the APA. As explained above, these issues are now moot as the Campaign Agreement, as interpreted by the Plaintiffs, is for an illegal purpose and is void.

Third, Thomson Reuters asserts that it was not engaged in any fraudulent transfer. (Doc. No. 64-1 at 20.) However, Plaintiffs do not assert that Thomson Reuters was engaged in fraudulent transfer and did not bring a cause of action for fraudulent transfer in its complaint against Thomson Reuters. (Doc. No. 1 at 6.) Accordingly, the Court **DENIES** summary judgment on this basis as moot.

### b. Lost Profits

Thomson Reuters, Rentch, and WLG contend that Plaintiffs may not recover lost profits because the damages here are entirely speculative. (Doc. No. 64-1 at 22; Doc. No. 66 at 8.) As explained above, this issue is now moot because the Court will not enforce a contract for an illegal purpose. Accordingly, the Court **DENIES** summary judgment on this basis as moot.

### c. Implied Covenant and Quantum Meruit Claims

As explained above, *supra* Sections B.c. and B.d., the Court will not enforce an illegal contract. Accordingly, the Court **GRANTS** Defendants' motion for summary judgment on these causes of action.

///
///
///
///
///
///
///

## CONCLUSION

Based on the foregoing, the Court **GRANTS** in part and **DENIES** in part Defendants Cameron Rentch and Wise Law Group's motion for summary judgment against Plaintiffs, (Doc. No. 62), **DENIES** as moot Defendants Cameron Rentch and Wise Law Group's motion for summary judgment, or in the alternative, summary adjudication of Thomson Reuters' cross-complaint, (Doc. No. 63), and **GRANTS** in part and **DENIES** in part Defendant/Cross-Complainant Thomson Reuters' motion for summary judgment, (Doc. No. 64). Thomson Reuters' cross-complaint, (Doc. No. 15), for indemnification is now moot. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED**.

Dated: November 15, 2018

Hon. Anthony J. Battaglia
United States District Judge